### KELLY et al. v. OUACHITA DAIRY DEALERS COOPERATIVE ASS'N, Inc.

#### No. 5472.

Court of Appeal of Louisiana.

Second Circuit.

June 30, 1937.

C. T. Munholland, of Monroe, for appellant.

Jos. S. Guerriero, of Monroe, for appellee.

DREW, Judge.

V. M. Kelly and Mrs. Verdie Kelly, individually and for the use and benefit of their minor son, V. M. Kelly, Jr., who was a baby at the time, instituted this suit against defendant herein for damages from illness alleged to have been caused from drinking buttermilk which had been sold and delivered by defendant and which contained maggots.

The defense is based solely on the ground that it was impossible for any foreign matter to get into the bottles of milk which were bottled by defendant at its plant.

The lower court rendered judgment for plaintiffs in the sum of $150 for the minor and $600 for Mrs. Kelly. From this judgment, defendant has appealed and plaintiffs have answered the appeal praying that the amount be increased. The lower court gave written reasons for its judgment, which are as follows:

"The note of evidence in this case comprises more than 200 pages, therefore it is impracticable to discuss the weight and sufficiency of all the testimony.

"Certain phases of the case are so manifest that I need only to mention them.

"By all the evidence, there were worms in the milk. Whether they were one-eighth of an inch or one inch long is immaterial. The presence of the worms when taken into the mouth, whether swallowed or not, would produce nausea and perhaps vomiting in nearly all cases.

"In this case the proof preponderates in favor of plaintiffs, at least to the extent that they drank some of the milk and as a result became sick to the extent that would warrant judgments for damages in their favor.

"The two propositions above named are so evident we shall not discuss them, except as to the quantum of damages if awarded.

"The only real unsettled issue in the case is—who is responsible for the worms' presence in the milk?

"Witness Dilsworth's testimony shows that he delivered one bottle of milk in the place of another which was returned, and there is no evidence that plaintiffs purchased milk from any other person or concern

or that she had more than one bottle of milk on the premises at the time or any other time. I think I can safely assume that these people did not carry a stock of milk, that is, it would have been unusual for them to have more than one bottle of the same kind of milk on hand at the same time.

"As to the time that elapsed between the time this milk was delivered and drunk, it can be assumed that it was the first milk consumed by them after its delivery and that the time was hours and not days.

"There is of course some testimony that the eggs of some flies hatch in hours, but I cannot believe these worms were less than days of age. Anyway, I am convinced that these worms were too old at the time they were discovered for the eggs to have been deposited in the milk after it was received by plaintiffs. In other words, in the absence of positive evidence to the contrary, the proof in the record, together with the circumstances, excludes all suppositions that the worms or eggs were deposited in the milk while it was in plaintiffs' possession. I can reach no other conclusion than that defendant is liable.

"As to the quantum of damages, I am of the opinion, not considering any seeming exaggerations of the illness, that the child is entitled to $150.00 and Mrs. Kelly is entitled to $600.00.

"The bill of the doctors, while I know there is some amount due, the proof is such that I cannot separate the amount that properly belongs to this case from other charges, therefore I am leaving it out entirely.

"Let there be judgment in favor of Mr. Kelly for the use and benefit of the minor child in the sum of $150.00 and let there be judgment in favor of Mrs. Kelly in the sum of $600.00.

"J. T. Shell."

■ We have carefully studied the voluminous record in this case with much nausea, and are convinced of the correctness of the judgment of the lower court. It is not denied, but admitted, that defendant bottled the milk and its deliveryman sold it to plaintiffs. It is conclusively proven that the stopper or cap placed thereon was not removed until Mrs. Kelly removed it and immediately poured the milk into two glasses, one for herself and one for her baby. They drank this milk, that is, a part of it, and Mrs. Kelly found a worm or maggot on her lip. She and her baby soon became nauseated and were forced to have a doctor treat them. The baby recovered within a few days, but Mrs. Kelly was ill for some time thereafter.

It is positive from the testimony that the maggots or worms were in the milk at the time it was sold to plaintiffs. There was no possible chance for them to have gotten into the milk between the time it was delivered to plaintiffs and the time it was drunk. This being true, there is but one conclusion to reach and that is that the worms or eggs from which they were hatched were in the bottle when the milk was poured into it.

■ The defense made that it was impossible for unclean milk to be bottled, failed in many respects. It was admitted by the manager of defendant's plant that twice a day they killed flies, and we can safely assume from the testimony in the record that there was ample opportunity for a fly to have deposited its eggs in an empty bottle. There is no doubt about the bottle of milk containing many maggots. There is no doubt about the fact that the milk was bottled and sold by defendant. Defendant is charged with knowledge of the contents of the bottles of milk sold by it and if, as in this case, it sold milk in which there were maggots, and plaintiffs drank said milk and became ill therefrom, the damage caused thereby must be paid by defendant. Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906, 40 L.R.A.(N.S.) 480, Ann.Cas.1913B, 1110; Kellogg Bridge Company v. Hamilton, 110 U.S. 108, 3 S.Ct. 537, 28 L.Ed. 86; MacLehan v. Loft Candy Stores, Inc. (La.App.) 172 So. 367.

■ The amount awarded plaintiffs by the lower court in our opinion does justice to all parties concerned, and we will not disturb the judgment. It is therefore affirmed with costs.