TATE, Judge.
Mrs. Young fell from a chair in Mrs. Rand’s kitchen and broke her arm. Mrs. Young and her husband sue Mrs. Rand for the damages thereby resulting.
The plaintiffs appeal from the dismissal of their suit.
*610 Mrs. Young' testified that the defendant Mrs. Rand had furnished her a defective chair which broke while the plaintiff was climbing down from a kitchen counter. Mrs. Rand, on the other hand, testified to the effect that Mrs. Young had simply slipped from the chair on descending from the counter.
A sturdy kitchen chair was introduced into evidence and identified by the defendant and her sister as the only chair in the kitchen and, consequently, the one from which the plaintiff fell. The latter, however, claimed that her fall was occasioned by the dilapidated and rickety state of yet another chair.
The trial court resolved this conflict of testimony in favor of the defendant’s version of the incident. We find no error in this evaluation by the trial court of the credibility of the opposing witnesses. Credibility, further, is primarily within the province of the trier of fact.
Under the version of the accident accepted by the trial court, the sole cause of the accident thus was the plaintiff Mrs. Young’s carelessness in climbing down from the counter.
Likewise, under the facts so found, the trial court correctly rejected the plaintiffs’ contention that the doctrine of res ipsa loquitur is applicable: The facts of the accident do not point to the defendant’s negligence as the cause of the accident, and they do not reasonably exclude any other cause of the accident than the defendant’s negligence. Larkin v. State Farm Mut. Auto. Ins. Co., 233 La. 544, 97 So.2d 389.
We further find no abuse of discretion in the trial court’s refusing to grant the plaintiffs’ motion for a new trial. The plaintiffs sought this new trial to produce evidence which might tend to corroborate the plaintiff Mrs. Young’s version. This evidence, however, was available to them before the trial; actually, there is no allegation that such evidence, if produced, would indeed be favorable to the plaintiffs’ cause.
Thus, for the reasons assigned, we affirm the trial court’s dismissal of this suit. The plaintiffs-appellants are taxed with the costs of this appeal.
Affirmed.