165 So.2d 643 (1964)
Alvin Benoit DAIGLE and Maud Margaret Martinez Daigle
v.
HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY et al.
No. 6148.
Court of Appeal of Louisiana, First Circuit.
June 1, 1964.
Rehearing Denied July 1, 1964.
*645 Kennon, White & Odom, by John S. White, Jr., Watson, Blanche, Wilson, Posner & Thibaut, by David W. Robinson, Baton Rouge, for appellant.
Charles O. Dupont, Plaquemine, Taylor, Porter, Brooks, Fuller & Phillips, by Robert J. Vandaworker, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
The Trial Court rendered judgment in this case in favor of Alvin B. Daigle for the use and benefit of Jerry John Daigle in the sum of $850; in favor of Alvin B. Daigle for the use and benefit of Janell Marie Daigle in the sum of $950; in favor of Alvin B. Daigle for the use of Carolyn Ann Daigle in the sum of $350; in favor of Alvin B. Daigle for special damages arising out of injuries to Jerry John, Janell Marie and Carolyn Ann in the sum of $415 and in favor of Alvin B. Daigle for property damage in the sum of $141.53, all against defendant, Hardware Dealers Mutual Fire Insurance Company, with legal interest from date of October 9, 1962 until paid; and in favor of Southern Farm Casualty Insurance Company against Hardware Dealers Mutual Fire Insurance Company for property damage in the sum of $1,372.45, with legal interest from the 15 day of January, 1963 until paid; fixing the fees of the expert witnesses, Dr. William E. Smith at $150, Drs. Henry J. Daigle, Jr., Rhodes J. Spedale and George C. Battalora, Sr., at $100 each, and the fee of F. E. Zimmer and Company for reporting the deposition of Dr. George C. Battalora at $50 and taxing same as costs against defendant, Hardware Dealers Mutual Fire Insurance Company; and in favor of Alvin B. Daigle individually and for the use and benefit of Jerry John Daigle, Janell Marie Daigle and Carolyn Ann Daigle and Southern Farm Bureau Casualty Insurance Company against Grain Dealers Mutual Insurance Company for the full amounts of the above judgments rendered in their favor against Hardware Dealers Mutual Fire Insurance Company they are unable to collect from Hardware Dealers Mutual Fire Insurance Company; and in favor of Alvin B. Daigle as head and master of the community for damages arising out of injuries to his wife, Maud Margaret Daigle, against Hardware Dealers Mutual Fire Insurance Company in the sum of $4,000 and against Grain Dealers Mutual Insurance Company for the additional sum of $2,000 with legal interest on both sums from October 9, 1962 until paid; and in favor of Mrs. Daigle against Hardware Dealers Mutual Fire Insurance Company in the sum of $6,000 and against Grain Dealers Mutual Insurance Company for the additional sum of $3,000, both awards to bear legal interest from October 9, 1962 until paid; and in favor of Alvin B. Daigle (as head and master of the community between himself and Maud Margaret Martinez Daigle) and Mrs. Maud Margaret Martinez Daigle against Grain Dealers Mutual Insurance Company for any portion of the $10,000 awarded in their favor against Hardware Dealers Mutual Fire Insurance Company for damages arising out of injuries to Mrs. Daigle they are unable to collect from Hardware Dealers Mutual Fire Insurance Company, provided the total liability of Grain Dealers Mutual Insurance Company to Alvin B. Daigle and Mrs. Maud Margaret Martinez Daigle for bodily injuries sustained by Mrs. Daigle shall not exceed $10,000 including the above judgments in the total sum of $5,000 in favor of Alvin B. Daigle *646 and Mrs. Maud Margaret Martinez Daigle against Grain Dealers Mutual Insurance Company. From this judgment Hardware Dealers Mutual Fire Insurance Company appealed as did Grain Dealers Mutual Insurance Company. Plaintiffs answered the appeals and prayed for increases in the awards.
The suit arises out of a collision between two automobiles, a Ford owned by Alvin B. Daigle being driven by his son Jerry John Daigle in which his mother and sisters were passengers, and a Corvair, owned by Calvin J. Rodrigue, being driven by Oleus J. Blanchard, the sole occupant.
Made Defendants in the main demand were Hardware Dealers Mutual Fire Insurance Company, (hereinafter referred to as Hardware Dealers) the liability insurer of Rodrigue's vehicle, the primary insurer, and Grain Dealers Mutual Insurance Company, (hereinafter referred to as Grain Dealers) the automobile liability insurer of Hubert Blanchard, Sr., insuring him and members of his family for bodily injuries and property damages arising out of the negligent operation, use or maintenance of automobiles, including non-owned automobiles and providing extended coverage in excess of collectible insurance. Both Defendants answered the petition on the main demand denying the negligence of Oleus J. Blanchard and, alternatively, pleading the contributory negligence of Jerry John Daigle and his mother, Mrs. Maud Margaret Martinez Daigle.
By third party demand defendants, Hardware Dealers and Grain Dealers made Southern Farm Bureau Casualty Insurance Company, (hereinafter referred to as Southern Farm) the liability insurer of the Daigle vehicle, a party defendant, maintaining should judgment be rendered in favor of the Plaintiffs against them, judgment should be rendered in their favor against the third party defendant, Southern Farm. Southern Farm answered the third party demands and filed reconventional demands for the damage to the vehicle allegedly paid under the collision coverage of the policy issued by it.
The accident occurred approximately at 6:05 p.m. at dusk, on January 21, 1962 on Louisiana Highway #1 in Iberville Parish, Louisiana, which highway at the point of collision runs generally in a northerly-southerly direction. The accident occurred approximately one mile south of the City limits of Plaquemine. Both drivers had their lights on at the time. Jerry John Daigle, the driver of the Daigle vehicle was proceeding in a southerly direction and Oleus J. Blanchard was proceeding northerly. Oleus J. Blanchard was killed in the collision. The only eye witnesses to the accident were the occupants of the Daigle vehicle. According to the testimony of Jerry John, he observed the approaching Corvair driven by Blanchard swerve when it was on a curve in the road into the traffic lane provided for southbound vehicles when same was some 150-300 yards distant from him. At the time he estimated his own speed to be 60 miles per hour and the speed of the approaching Blanchard vehicle to be "fast". Upon observing the vehicle enter the lane for southerly travel, his mother admonished him to watch out. At that time he, Jerry John, reduced the speed of his car some fifteen miles per hour and continued his forward movement. The Corvair driven by Blanchard returned to its proper lane and continued on northerly but upon reaching a point (the distance of which he did not estimate) when the vehicles were in such close proximity he could do nothing to avoid striking the Blanchard driven car, that car entered the shoulder on the east side of the road. In attempting to regain entrance onto the highway the driver thereof, Oleus J. Blanchard, precipitously proceeded across the road from an east to west direction. In said maneuver the vehicle turned around and the front of Daigle's car struck the rear of Blanchard's car in his, Daigle's, lane of traffic.
Mrs. Daigle corroborated in general Jerry John Daigle's testimony.
*647 A police officer investigated the accident within minutes of the time of collision and from the physical findings such as debris and skid marks he was able to verify the fact the accident took place in Daigle's lane of traffic. He was also able to ascertain the path taken by the Blanchard vehicle onto the east shoulder and across to the west side of the road to the point of collision.
Though counsel for Appellants concede the law to be that a driver is not required to anticipate an approaching vehicle will enter his lane of traffic, they do contend because of the observation admittedly made by Daigle of the entrance of the Blanchard car into his path some 150-300 yards distant, he, Daigle, was required to take necessary action to avoid a collision. While the evidence shows the operation of the Blanchard driven vehicle was somewhat erratic, Blanchard long prior to his last entrance into the lane for southerly traffic had returned to the proper lane for northbound traffic. Daigle, who had reduced the speed of his vehicle when the vehicle driven by Blanchard had swerved into the southbound traffic lane some 150-300 yards from him, had no reason to anticipate the subsequent precipitous movement across the path of his car by Blanchard. Accordingly, there is no basis for the plea of contributory negligence of either Mrs. Daigle or Jerry John Daigle. The sole proximate cause of the accident was the negligence of Oleus J. Blanchard.
Counsel for appellants maintain inasmuch as the driver and only occupant of the Corvair, Oleus John Blanchard, was killed in the accident, the burden rests upon Plaintiffs to prove positive acts of negligence on the part of Blanchard inasmuch as under the decision of Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, the Supreme Court held the doctrine of res ipsa loquitur to be insufficient to prove negligence on the part of a driver of a vehicle which had crossed the road and overturned in a canal killing a passenger. In Lejeune v. State Farm Mutual Automobile Ins. Co., La.App., 107 So.2d 509, in which writs of certiorari were denied by the Supreme Court, we said:
"Therefore, under the undisputed facts in this case, the DiBenedetto car came suddenly across Winbourne Avenue and into the lane of travel of Lobell, and while this did not make applicable the doctrine of res ipsa loquitur (Larkin v. State Farm Mutual Automobile Insurance Company, 233 La. 544, 97 So.2d 389), it does under our well settled jurisprudence raise the presumption that DiBenedetto was negligent in the operation of the 1947 Chevrolet automobile. In Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So.2d 671, 673, our Supreme Court stated:
"`In view of these provisions, and since the instant collision occurred while the bakery truck was in the wrong traffic lane, the presumption is that Goudeau was negligent in the operation of his vehicle. And it follows that the burden is upon him to show that the accident was not caused by his negligence or that there were justifiable circumstances which would excuse his conduct. See Schick v. Jenevein, 145 La. 333, 82 So. 360 and Miller v. Hayes, La.App., 29 So.2d 396.'
"Again in the case of Rizley v. Cutrer, 232 La. 655, 95 So.2d 139, 140, our Supreme Court through Justice McCaleb reiterated the rule of law as stated in the Noland case as follows:
"`Since the primary cause of the collision was Cutrer's act in driving his car into that part of the road way reserved exclusively for traffic proceeding from the opposite direction, a mere statement of the accident makes out a prima facie case of negligence against Cutrer and, therefore, it was incumbent upon defendants to show by clear and convincing *648 evidence that Cutrer's sudden presence in plaintiff's traffic lane was due to unexpected and unforeseen circumstances over which he had no control and that he did not in any particular contribute to the mishap. See Schick v. Jenevein, 145 La. 333, 82 So. 360; Miller v. Hayes, La.App., 29 So.2d 396 and Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So. 2d 671.'"
The negligence of Oleus J. Blanchard is shown without reliance upon the doctrine of res ipsa loquitur. In fact, as there were eye witnesses to the accident, the doctrine is inapplicable. Proof of the fact of Blanchard's action in driving his vehicle into the path of Daigle proceeding in his proper lane of traffic at a time when no reasonable opportunity was available to Daigle to avoid a collision makes out a prima facie case of negligence on the part of Blanchard. The burden then shifted to Blanchard's insurers to prove his freedom from negligence by competent evidence.
We now come to the question of quantum. Quantum is either a question of fact or a question of law.
Under the Constitution of Louisiana, Article 7, Section 29, LSA, Courts of Appeal are vested with jurisdiction, in part, as follows:
"All appeals of which the courts of appeal have appellate jurisdiction as provided in this Section shall be on both the law and the facts, except where the appeal is limited to questions of law only by any other Section of this Constitution." (Emphasis supplied.)
Thus, in a tort case the litigant is granted an unlimited right of appeal on both the law and the facts as there are no other sections of the Constitution limiting this right. Therefore, the litigant is granted the constitutional unlimited right and the court is obligated to give its judgment predicated upon its resolution of the legal questions raised as well as the facts disclosed by the record.
As a result of the accident Jerry John Daigle sustained an injury to his chest when it struck the steering wheel. No bones were broken but pain resulted therefrom. In addition, Daigle, then 18 years of age, sustained a traumatic injury to his right knee. X-rays revealed no internal injury. Upon his complaint of pain in the knee the doctor used an ultra sound machine on him and he was supplied with a knee support which he used for a while. He was a member of the high school football team and was unable to participate in spring practice because of his injury. In our opinion the award of $850 for such injuries is appropriate.
Janell Marie Daigle, age 12 years on the date of the accident, who had suffered from a heart disability prior to the accident and for which she had undergone surgery, sustained a traumatic head injury. Her glasses were shattered; her face was bruised; she sustained facial disfigurement in the form of a lump in the cheek bone area which, fortunately was not too prominent, though same was apparent to the Trial Judge. Because of her heart condition it was advisable to keep her in the hospital for two days. We are of the opinion an award of $950 is appropriate.
Carolyn Ann Daigle, age 16, who was occupying the right front seat of the Daigle vehicle, bumped her leg against the air conditioner. X-rays taken of her leg and elbow were negative. She sustained bruises and limped for about a week thereafter. An award of $350 is appropriate.
The award of $415 to Alvin B. Daigle for damages arising out of the injuries to Jerry John Daigle, Janell Marie Daigle and Carolyn Ann Daigle, representing the expenses incurred by Mr. Daigle are conceded to be justified to the extent of $390 by counsel for appellants. They raise a question only as to the bill of $25 paid to Dr. Bannerman *649 for treatment of Jerry John Daigle. The evidence reveals such treatment was necessary and that same was incurred by Mr. Daigle as a result of this accident. Consequently, this $415 award is affirmed.
Appellants concede the award of $141.53 to Alvin B. Daigle for property damages has been proved. Accordingly, judgment therefor is affirmed.
Appellants deny that an award for property damage to Southern Farm should be granted, but concede the correctness of $1,372.45 should such award be affirmed. Because of our determination of the issue of liability, the judgment in this respect is affirmed.
The fees of the expert medical witnesses were fixed by the Trial Court and taxed as costs. LSA-R.S. 13:3666 provides for the fixation by the Trial Court on the trial or by rule the fees of experts called on the trial of a case. Counsel for appellants complain over objections made by them these experts were permitted to submit bills for their services in testifying as expert witnesses. Counsel were correct in their objections as, under the statute, the Court alone is vested with authority to fix the fees of such witnesses when called upon to testify, predicated upon the Court's determination of the value of the time employed by the expert and the degree of learning or skill required. The fees of the experts fixed by the Court in this instance are proper.
No objection was raised as to the fee of F. E. Zimmer of $50 for reporting the deposition of Dr. George C. Battalora.
Judgment was awarded in favor of Alvin B. Daigle, as head and master of the community, for damages arising out of injuries to Maud Margaret Daigle, his wife, against Hardware Dealers for $4,000 and against Grain Dealers in the additional sum of $2,000. The judgment of the Trial Court does not reflect any itemization of these awards. Appellants concede Mr. Daigle expended and proved the sum of $665.80 for medical and hospital expenses incurred on account of Mrs. Daigle as a result of this accident. In their petition Mr. Daigle claimed and sought the sum of $3,500 for future medical expenses in connection with the injuries sustained by Mrs. Daigle. From the testimony of Doctors Smith and Battalora, in our opinion it is probable future medical expenses will be necessary because of the injuries sustained by Mrs. Daigle. Especially is this evident from the testimony of Dr. Smith who examined X-rays of Mrs. Daigle's foot made shortly after the accident revealing fractures of several bones therein. Subsequent X-rays showed certain bony changes of the foot, giving positive evidence of the development of arthritis following the accident. Such condition often times results in increased pain and suffering and to alleviate the pain resulting from this "* * * post traumatic arthritis of the talo-navicular joints and the naviculo-cuneiform joints of the right foot, * * *" surgery known as a triple arthrodesis is performed which results in a fusion of the two joints. From Dr. Smith's testimony such operation does not always result in success and the actual necessity of performing same is dependent upon the ability of the patient to bear the increased pain resulting from the condition. However, from the physical findings he made from a study of the X-rays, we are of the opinion the probability of the necessity of such surgery has been adequately shown. Estimates of the cost of such hospitalization and/or surgery for such procedure was made by Dr. Smith between $700 and $900 and by Doctor Battalora of $750. We are of the opinion other necessary items of expense would be attached to such operation, such as transportation, drugs, nursing, special shoes and supports for which we believe a total allowance of $1,500 for future medical expenses to be warranted. Following the injury to Mrs. Daigle it was necessary to employ servants to perform her household duties. The evidence reveals that for a period of six months services in this *650 respect were obtained at a cost of $2.50 per day or a total of $456.25 which we believe is warranted.
In the accident Mrs. Daigle sustained severe injuries. There was testimony that it was necessary to prescribe sedation for her, initially in large dosage, evidencing the great pain she was suffering. Her nasal bone was fractured. Three stitches were taken to close the laceration above her eye. She had severe lacerations of the muscle of her leg and of her foot requiring surgery and leaving visible scars. She sustained fractures of six different bones in her lower extremities, the right and the left malleoli; the first phalanx of the right big toe; the first and the fourth metatarsals and the navicular. The fracture of the right big toe was a comminuted type. This fracture united with a 45-degree plantar angulationmeaning the fracture site is bending or angling toward the sole or bottom of the footthus making her walking more difficult and causing pain. Mrs. Daigle remained in the hospital for treatment for a length of time and subsequently both of her legs were put in casts and her ambulation was by the use of a wheel chair. She presently is required to wear special shoes and supports, walks with a limp and is unable to stand without pain for any length of time. Because of the development of arthritis we believe it probable she will have to undergo the operation referred to as arthrodesis. In our opinion an award of $15,000 is warranted.
The policy limits issued by each of the defendants, Hardware Dealers and Grain Dealers, was $10,000 and $20,000 public liability damage with $5,000 property damage. Inasmuch as the awards to Alvin Benoit Daigle totaling $2,622.05 growing out of the injuries to Mrs. Daigle and the award of $15,000 to Mrs. Daigle exceed the policy limit of $10,000 issued by Hardware Dealers, under the decision of Guarisco v. Swindle, La.App., 132 So.2d 643, same must be proportioned. Accordingly, judgment is rendered in favor of Alvin B. Daigle for $2,622.05 over $17,622.05 times $10,000, or $1,487.95, and in favor of Mrs. Maud Margaret Daigle for $15,000 over $17,622.05 times $10,000, equalling $8,512.05, against Hardware Dealers.
Inasmuch as these claims exceed the policy limits of Hardware Dealers, judgment is rendered in favor of Mrs. Maud Margaret Martinez Daigle for the additional sum of $6,487.95 and in favor of Alvin B. Daigle for the additional sum of $1,134.10 against Grain Dealers. O'Brien v. Traders and General Insurance Company, La.App., 136 So.2d 852.
For these reasons judgment is rendered affirming the judgment of the Trial Court respecting the following awards: in favor of Alvin B. Daigle against Hardware Dealers Mutual Fire Insurance Company for the use and benefit of Jerry John Daigle in the sum of $850; for the use and benefit of Janell Marie Daigle in the sum of $950; for the use of Carolyn Ann Daigle in the sum of $350; for special damages arising out of the injuries suffered by Jerry John Daigle, Janell Marie Daigle and Carolyn Ann Daigle in the sum of $415; for property damage in the sum of $141.53, all with legal interest from October 9, 1962 until paid; in favor of Southern Farm Casualty Insurance Company against Hardware Dealers Mutual Fire Insurance Company for damage to property insured by it in the sum of $1,372.45, with legal interest from January 15, 1963 until paid. The judgment fixing the fees of the expert witnesses, Dr. William E. Smith at $150, Drs. Henry J. Daigle, Jr., Rhodes J. Spedale and George C. Battalora, Sr. at $100 each, and the fee of F. E. Zimmer for reporting the deposition of Dr. George C. Battalora at $50 and taxing such fees as costs against defendant, Hardware Dealers Mutual Fire Insurance Company, is affirmed.
Judgment is rendered in favor of Alvin B. Daigle against Hardware Dealers Mutual Fire Insurance Company in the sum of $1,487.95, and in favor of Mrs. Maud Margaret Martinez Daigle in the sum of $8,512.05, *651 with legal interest on both awards from October 9, 1962 until paid, and against Grain Dealers Mutual Insurance Company for any portion of $10,000 awarded in Plaintiffs favor under the policy limits against Hardware Dealers Mutual Fire Insurance Company they are unable to collect from Hardware Dealers Mutual Fire Insurance Company, and, in addition, judgment is rendered in favor of Mrs. Maud Margaret Daigle for the additional sum of $6,487.95, and in favor of Alvin B. Daigle for the additional sum of $1,134.10 against Grain Dealers Mutual Insurance Company, together with legal interest on both sums from October 9, 1962 until paid. All costs of court to be paid equally by Hardware Dealers Mutual Fire Insurance Company and Grain Dealers Mutual Insurance Company.
Amended and affirmed as amended.