ELLIS, Judge.
This is a suit for damages for personal injuries arising out of an accident suffered by Thomas J. Montgomery, plaintiff, which happened when he was struck in the head by the operating handle of the landing gear of a trailer allegedly belonging to Johnson Motor Lines, Inc. From a judgment in favor of defendants, plaintiff brings this appeal.
*220 The defendants are Johnson Motor Lines, Inc. and Fruehauf Corporation, which was allegedly the manufacturer of the trailer. Various third party demands were filed by the defendants, but, since we are of the opinion that the trial court correctly dismissed plaintiff’s suit, it is not necessary that we consider the validity of the incidental demands.
When injured, plaintiff was employed by Motovot Corporation, which operated a drayage business and truck terminal in Baton Rouge, Louisiana. Motovot would dray freight brought into Baton Rouge by Saia Motor Freight Lines, Inc. and other truck companies. The trailers in which the freight was brought to Baton Rouge would be left at Motovot’s terminal, and Motovot would deliver the merchandise locally, either by unloading it from the trailers and transporting it in other vehicles, or by pulling the trailers with its own tractors.
On the day of the accident herein, plaintiff had picked up a loaded trailer and brought it into the terminal. The trailer was allegedly the property of Johnson Motor Lines, Inc., and had been brought to Motovot by Saia Motor Freight Lines, Inc. Plaintiff was in the act of detaching the tractor from the trailer when the accident happened.
Before the tractor can be detached, it is necessary to lower the wheels of the landing gear on the front end" of the trailer, thus providing a support for the trailer when the tractor is detached. The landing gear is lowered by means of a crank on the side of the trailer.
Plaintiff testified that he was engaged in lowering the wheels of the landing gear and that, because he was driving a tractor smaller than those used to pull trailers on the highway, it was necessary that he jack the trailer up about 8 or 10 inches above his own tractor so that the larger road tractor would be able to back under the trailer and attach itself. He was utilizing the landing gear to jack the trailer up.
Although the testimony in the record is quite confusing, it appears that the weight of the trailer on the legs of the landing gear created a back pressure on the crank so that some procedure to lock the shaft had to be carried out before the crank could be released. Plaintiff testified that he had raised the trailer as high as he intended to and was reaching with one hand to pull the crank out so that he could fold it down when the accident happened. He did not know what had hit him. Another witness saw him struck by the crank, which apparently sprang back when he released the pressure on it. Plaintiff at one point testified that he had pulled many Johnson trailers, and at another stage testified that he had only driven one or two. He had never had any difficulty raising and lowering the landing gear on a trailer before.
Two other witnesses, who were drivers for Motovot, testified that on “Johnson trailers” you had to be careful in order to avoid a backlash by the crank. One of them testified that he never put any strain on the wheels but lowered them until they barely touched the ground, and did not attempt to raise the trailer with them. The other witness testified that he had to push in on the shaft in order to lock it before he could pull the crank out to fold it down.
There is no testimony in the record whatsoever as to who manufactured the trailer, who manufactured the landing gear, how it was intended to operate, how long it had been in use, and no technical data concerning the machinery whatsoever.
The only relevant matters proved by plaintiff was that the trailer belonged to Johnson Motor Lines, Inc.; that it was pulled into Baton Rouge by Saia Motor Freight Lines, Inc.; and that the accident happened as outlined above. There was no showing as to the mechanical condition of the trailer, who had been in control of it, of for what period of time. Plaintiff contends that Johnson Motor Lines, Inc. should have warned operators of the landing gear of its tendency to kick back unless securely locked *221 and that its failure to do so constitutes actionable negligence. He further maintains that the doctrine of res ipsa loquitur is applicable herein.
As pointed out above, there is no showing that the mechanism complained of was inherently dangerous. The only testimony relative thereto was that of three truck drivers, each of whom gave a different version on the proper manner to operate the equipment, and all of whom were allegedly familiar with it. The plaintiff has fallen far short of carrying his burden of proof in respect to this particular point.
Neither do we find that the rule res ipsa loquitur is of any assistance to plaintiff in this case. Before that rule can be invoked, it is necessary that plaintiff prove the occurrence of the accident and enough of the circumstances surrounding same to show that the accident could not have happened without an inference of negligence on the part of defendant. If plaintiff satisfies this burden of proof, then it is incumbent upon the defendant to exculpate itself from negligence. Larkin v. State Farm Mutual Automobile Insurance Company, 233 La. 544, 97 So.2d 389 (1957). Fruge v. Trahan, 194 So.2d 478 (La.App. 3 Cir.1967). In this case, in which plaintiff has proven only that he was injured when struck by the crank handle, and that the handle had a tendency to backlash, and no other attendant circumstances, he has shown an occurrence which could be as easily explained by his own negligence as by that of defendants.
He has further failed to prove that the trailer was manufactured by Fruehauf Corporation, so there can be no question as to its liability.
The judgment of the lower court is, accordingly, affirmed, with plaintiff to pay all costs of this appeal.
Affirmed.