SARTAIN, Judge.
Plaintiff herein appeals from a judgment in the district court denying him relief sought for personal injuries and property damages allegedly suffered when his 1971 Ford Econoline van was destroyed by a fire and explosion.
In June, 1971, plaintiff engaged American Oil Company to remove a liquified petroleum gas (L.P.G.) tank from another vehicle he owned and install it in his Econo-line van. American provided the components and performed all the work necessary to convert the van’s fuel system to L.P.G. from gasoline use. The tank was manufactured by Brunner Engineering & Manufacturing Company. Plaintiff operated the vehicle without any problems until January 6, 1972. On that day he took his van to Nelson & East Ford Co. in Zachary, Louisiana for a “valve job.” Nelson & East kept the vehicle for five days, during which time its mechanics removed the engine head, carburetor and connecting hose leading to the carburetor from the vaporizer located underneath the hood of the van. They then ground the valves and reassembled the engine components.
On January 18, 1972, as plaintiff was driving the van, it exploded and caught fire and was destroyed along with its entire contents. In addition, plaintiff claims to have suffered abrasions and burns in the accident.
Plaintiff, joined by his insurers, subro-gees to his rights involving certain medical payments and property damages, instituted this suit against American and Nelson & East. Plaintiff alleges that both defendants were negligent in failing to exercise the proper standard of care in installing and/or repairing the fuel system to be used in connection with a highly dangerous substance and in providing a fuel system or parts thereof which possessed an inherent defect. It also alleged, in the alternative, that the doctrine of res ipsa loquitur should apply. Defendant American Oil Company third partied Brunner as manufacturer of the tank alleging that Brunner be held liable to American in the event that American should be held liable to the plaintiff for any defects in the tank.
The trial court dismissed claims against all defendants, finding that the plaintiff did not discharge the burden of proof necessary to establish negligence on the part of any of them. Likewise, the lower court found the doctrine of res ipsa loquitur inapplicable. We affirm.
*1294 Plaintiff testified that on the morning of the accident he filled the tank of his van from a five hundred gallon field tank located in the yard at his home. Upon filling the tank he smelled escaping gas so he left open two wide doors on the side of the van to allow the fumes to dissipate. He then returned to the house and waited inside for about fifteen minutes. When he returned and noticed no gas he closed the doors and proceeded down the road toward his job. He said he had travelled no more than three-quarters of a mile when he felt a “tingling” sensation on the back of his head and hands and then an explosion followed. Plaintiff claims the force of the explosion propelled him out of his seat and through the front windshield onto the highway. He states the van did not crash.
In order to establish liability of a party in a negligence action a causal connection must be found between his acts of commission or omission and the harm suffered by the complaining party. The Supreme Court of Louisiana used the following test to determine if this required causal connection has been shown:
“Every act leading up to an accident cannot be said to be a cause-in-fact. However, when those antecedent acts bring the court, after careful scrutiny of all the facts and circumstances, to a conclusion that more probably than not they were necessary ingredients of the accident, they constitute cause-in-fact. In resolving this question we make no inquiry as to whether the act was unlawful or negligent. We determine only whether it was a substantial factor without which the accident would not have occurred — that is, whether it had some direct relationship to the accident.”
Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714, 717 (1972).
Plaintiff contends that American, in installing the L.P.G. tank in the van violated various regulations of the Louisiana Liquified Petroleum Gas Commission by placing the tank too close to the engine, in placing the tank in a space which was not sealed off from the passenger compartment, and in not directing the vent from the tank’s safety relief device in an upward direction. Assuming that American did violate these regulations when it installed the tank, plaintiff has made no showing that such violations contributed in any way to the explosion which destroyed the van. No evidence or testimony presented at trial pointed to any other actions on the part of American which could reasonably be concluded as having contributed to the explosion and fire which destroyed the van. The tank and its components were found to be intact after the incident and showed no signs of rupture. Plaintiff had had some problems prior to the accident with leakage from one of the valves of the tank. However, the record is void of any evidence which would lead us to conclude that any leakage occurred at the time of the explosion. Rather, plaintiff testified he had smelled gas when he filled the tank but by the time he began driving the van, immediately before the accident, no smell was to be found.
We likewise uphold the trial court’s finding that the doctrine of res ipsa loqui-tur is inapplicable to the case presented here. Larkin v. State Farm Mutual Automobile Insurance Co., 233 La. 544, 97 So.2d 389 (1957); Bougon v. Traders & General Insurance Co., 146 So.2d 535 (La.App. 4th Cir., 1962), and Morales v. Employers’ Liability Assurance Corporation, 202 La. 755, 12 So.2d 804 (1943).
Turning now to the issue of Nelson & East’s negligence in repairing the van, the record shows that the mechanic who performed the work, including the reassembling of the fuel system, was experienced at that relatively simple task. His testimony reflects that he did indeed tighten the clamps necessary to prevent leakage of the gas. Had this not been done correctly, the vehicle would be expected to run very sluggishly due to introduction of air into the fuel line. Plaintiff himself stated that the van ran smoothly until the accident. The metal and plastic hood covering the engine, designed to contain engine noise and fumes, is located inside the passenger compartment *1295 next to the driver’s seat. All evidence indicates that this was tightened adequately by Nelson & East mechanics upon completion of repairs. No evidence was offered to indicate leakage of gas from this source.
In Morales, the Supreme Court held:
(12 So.2d at page 808)
“It is the duty of the plaintiff to prove negligence affirmatively; and while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as a result of one of two causes, the reason for the rule fails and it cannot be invoked.”
Plaintiff admits that among the other items found in the van at the time of the accident were metal cans containing lacquer thinner, contact cement and a large heater containing diesel fuel. All of these materials are highly flammable. It was shown at trial that there were various possible sources of ignition found within the van itself, such as the ignition switch, radio, and even sparks from a burning cigarette. The presence of these factors casts considerable doubt on plaintiff’s assertion that because the fire or explosion occurred it must have been caused by the presence of propane (L.P.G.) gas inside the van.
As to American Oil Company’s third party claim against Brunner Engineering & Manufacturing, there was ample evidence presented at trial to show that the tank manufactured by Brunner was free from defects and that it in no way contributed to the fire. The only part of the tank or its components which had given plaintiff any previous trouble was the POL valve, which American had installed at plaintiff’s request and which was not manufactured by Brunner. It had leaked small amounts of gas on previous occasions and the testimony suggests that this was due to improper filling procedures utilized by plaintiff.
In his written reasons for judgment the trial judge stated:
“Without going into the unlikely and improbable story of the plaintiff of this bizarre event, this court finds that the plaintiff has not sustained his burden of proving negligence on the part of either of the defendants.”
We concur.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.