BEER, Judge.
Pedestrian appellee, Postlewaite, was the fault free victim of a two car collision between appellant, Morales, and one Julio Quintanilla. Morales was driving on Benefit Street in the direction toward Canal Street. He testified that he stopped at the corner of Benefit and Elysian Fields, waited for the traffic light to turn green, and proceeded across the intersection. Meanwhile, Postlewaite had walked across the lakebound lanes of Elysian Fields (on the lake side of Benefit Street) and reached the Elysian Fields neutral ground. At the same time, Quintanilla was driving lake-bound on Elysian Fields. Morales’ vehicle was struck on the left side by the Quintanil-la vehicle, causing it to swerve counterclockwise, strike Postlewaite, and injure him. Because he was struck from behind, Postlewaite did not see the accident and his testimony could shed no light on its cause.
The only eyewitnesses who testified at trial were Morales and another pedestrian, Celestina Jiminez. Jiminez’ testimony was confusing because of her difficulty in speaking and understanding English. Our review of her somewhat incomprehensible testimony indicates that she waited on the river side of Benefit Street for the light to change in her favor and then walked across the riverbound lanes of Elysian Fields and the neutral ground. As she began to cross the lakebound side of Elysian Fields, she was obliged to hurry because the Quintanil-la vehicle was approaching at a fast rate of speed. The crash immediately followed. She testified that the light controlling Elysian Fields traffic was red. This indicates to us that Quintanilla was driving through a red light.
Morales testifies clearly and emphatically that he did not proceed into the intersection until the light controlling his traffic flow was green.
There was no impeachment of Morales’ testimony although the able trial judge obviously found it difficult if not impossible to reconcile his testimony with the time and distance testimony of Jiminez, i.e., how could she walk across three lanes of traffic and the neutral ground in the same length of time that Morales traveled such a short distance in his car.
Based upon his determination that the Morales and Jiminez testimony “can not be reconciled,” the trial court concluded that “(t)his (case) is another application of res ipsa loquitur to multiple defendants,” citing Poche v. Frazier, 232 So.2d 851 (La.App.4th Cir., 1970), Benjamin v. Pizzalato, 245 So.2d 740 (La.App.4th Cir., 1971), and American Security Ins. Co. v. Griffith’s Air Cond., 317 So.2d 256 (La.App.3rd Cir., 1975). In casting Morales (and his insurer), the trial judge expressed his dismay at the “illogic and unfairness” of applying res ipsa loqui-tur to multiple defendants.[1]
The rule of Poche v. Frazier, supra, is: “Our law is well settled that when an innocent third party is injured as a result of a collision between two drivers, each of the drivers is deemed guilty of negligence per se and the burden of proof falls upon each to exculpate himself from negligence proximately causing the injury to the third party.”
Poche v. Frazier, Benjamin v. Pizzalato and American Security Ins. Co. v. Griffith’s Air Cond. each dealt with a distinguishable fact situation, i.e., all defendants alleged to be joint tortfeasors were before the court and each alleged co-tortfeasor had the benefit of cross-examination of the other party’s witnesses in the course of their respective attempts to exculpate themselves. *385 Here, Morales (and Allstate) have not had this opportunity. Even so, Morales has offered unrebutted (though somewhat confusing) testimony that the traffic signal light was in his favor. Jiminez’ testimony, though apparently irreconcilable with that of Morales in the eyes of the trial judge, was not expressly disbelieved by him nor does it challenge (except by the confusion caused) the straightforward testimony of Morales.
Although we are in sympathy with the trial court’s effort to respond to the predicament precipitated by the inability to cite and serve Quintanilla, we cannot agree that the res ipsa doctrine has been properly applied in the circumstances here existent. Res ipsa is applied after there has been a prima facie showing of negligence. It shifts the burden so that the exculpatory evidence of defendant is next considered. That consideration is a part of the trial court’s fact finding process and is not a process which is governed by the doctrine. See: Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957).
Morales has carried the burden imposed by the application of the doctrine by his essentially unrefuted testimony that the light controlling his flow of traffic was green. At the very worst, the testimony of Jiminez may add some confusion to the otherwise clear picture described by Morales. However, her testimony cannot be said to challenge or refute Morales’ testimony regarding the facts of the accident, and the trial judge’s conclusion that “the two versions cannot be reconciled” is not a proper basis upon which to “apply” res ipsa and, in that way, conclude that Morales has not successfully carried the burden placed upon him.
The totality of the sworn testimony in this record is that the light was green for Morales and red for Quintanilla:
Morales’ testimony is as follows:
“Q. I see. Okay. When you got to Benefit and Elysian Fields what color was that light?
A. Red.
Q. Red. Then you proceeded across, is that correct?
A. I wait for the green light.”
Jiminez’ testimony is as follows:
“Q. What color was the light for the cars on Elysian Fields? (the location of Quintanilla’s car)
A. On Elysian Fields, was red, because I cross with the red light.
Q. You crossed Elysian Fields and the light was in your favor?
A. Excuse me?
Q. When you crossed Elysian Fields what color was the light facing you?
A. Red. Elysian Fields’ was red and Benefit green.
Q. Okay. And you tell us that the red car (Quintanilla) was on Elysian Fields?
A. Yes.
Q. The beige car (Morales) was on what?
A. Benefit.”
Even if Morales has a res ipsa imposed burden to exculpate himself from liability to the fault free plaintiff, he has successfully carried that burden. The trial court’s inability to “reconcile” the testimony of the two eyewitnesses on all issues of time, location and distance does not obviate the fact that both clearly support the straightforward contention that Morales was crossing the intersection on a green light and has, thus, exculpated himself from a presumption of fault.
The judgment is reversed and Postle-waite’s claim against Morales and his insurer is dismissed. Each party is to bear its own costs.

REVERSED AND RENDERED.

. In his petition, Postlewaite alleged that Quin-tanilla was solidarily liable with Morales (and Allstate), who, in turn, filed a third party demand against Quintanilla. However, neither the original nor the third party demand were ever served on Quintanilla and the trial judge severed that claim from these proceedings.