JOHNSON, Judge.
This is. a suit for personal injuries and special damages from injuries received by plaintiff on a carnival ride. Plaintiff, her fiance, and her sister were passengers in a “Scrambler” seat from which she was thrown and was injured. Plaintiff sustained a broken leg and incurred special damages. The trial court awarded her $10,-000.00 in general damages and $3,184.00 in special damages. She appeals. We affirm.
A Scrambler is a seating device which is hoisted above the ground by means of arms in the nature of booms (there being quite a number in any one amusement device). Patrons are seated in these seats which will accommodate three adults or four children suspended by these booms. They swing around in a circular arc around the central stanchion. These Scramblers are geared so that these patrons are being swirled around in a circle. The seats rotate somewhat in a circular motion as they are swung around in an arc. Patrons are secured by means of metal rods which are hinged on one end. They are locked into a locking device on the other end. When secured, this device rests across the patron’s laps. It provides them with something to hold on to in addition to securing them in their seats. This metal rod forms part of the locking mechanism which holds the patrons in the seats. It is released along with the gate device whenever they get in or get out of the ride.
On the date of this accident plaintiff, her fiance, and her sister got into the seat. The fiance fastened the locking device. The evidence shows that when the operator of the device came around, he (in order to be sure that the device was properly locked) unlocked the device and secured it again. He rattled it to make sure that it was secured.
The operator thereupon started the Scrambler in its turning or orbiting. Shortly thereafter the iron rod or locking device securing plaintiff and her companions came loose. The two girls were thrown from the seat onto the ground below. The boy who had his arm on the back of the seat, was able to prevent himself from being thrown from the seat.
The trial court found that the plaintiff was free from any negligence causing her injuries. The trial court further found and I quote:
“The Scrambler involved in this case was twelve years old and the door to the Scrambler was either not closed or if it was closed it was not secure, and at one time during the ride on the Scrambler the door was thrown open and as both Brenda and her sister were holding on to the inside bar the forward motion caused them to be expelled from the Scrambler. Profit Jenkins remained in the Scrambler because one of his arms was holding on to a part of the Scrambler that was not the door. It is a finding of fact that the defendant was negligent in operating the Scrambler without seeing that the door was properly closed or without seeing that the locks were secure.
There is no question that the two occupants were accidentally thrown from the Scrambler. It would be impossible for them to have stood up or been otherwise removed other than by the door coming open.
Finding negligence on the defendant it then becomes necessary to determine the amount of damages that should be awarded to the plaintiff.”
We do not find that the plaintiff-appellant has sustained its burden of proving by a preponderance of the evidence, the negligence of the operator of the Scrambler. There is no evidence whatsoever to show that the door was not properly closed or to show that the lock was not properly secured.
The operator got in the same seat, the same night and secured the lock on the metal restraining rod. He thereupon kicked the rod with his foot with considerable force several times. The lock held securely. (Tr. 291, 292, 293).
We have the testimony that the male patron first locked the device and subse *41 quently the operator came back unlocked it and locked it properly, rattling it to be sure that it was properly locked. There is no evidence to contradict these statements of the operator.
We do know that the law places a very high degree of care on the operator of an amusement device such as this. See: Archote v. Travelers Insurance Agency, 179 So.2d 658 (La.App. 4 Cir. 1965).
We find that this is a proper case for the application of the doctrine of res ipsa loquitur. No one knows what happened in this case. We do know that the locking device did not work properly. Everything connected with this ride was under the complete dominion and control of the operator. This is by his own admission and there is no contradictory evidence. Admittedly, and obviously, something went wrong. No one knows what or why. The trial court finds from the evidence, and we agree, that plaintiff was completely free of negligence.
Our Supreme Court in Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972) has set forth the criteria for the application of this principle.
“[2,3] In this respect, the principle of ‘res ipsa loquitur’ (the thing speaks for itself) sometimes comes into play as a rule of circumstantial evidence, whereby negligence is inferred on the part of a defendant because the facts indicate this to be the more probable cause of injury in the absence of other as-plausible explanation by witnesses found credible. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963); Larkin v. State Farm Mutual Auto. Ins. Co., 233 La. 544, 97 So.2d 389 (1957); Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941); Comment, 25 La.L. Rev. 748 (1965). Thus, by this principle where properly applied, the circumstantial evidence indicates that the injury was caused by some negligence on the part of the defendant, without necessarily proving just what negligent act caused the injury.
We note in Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, 391 (1957): “ * * * the maxim [res ipsa loquitur] means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference . . . The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence. . . . When all the evidence is in, the question is still whether the preponderance is with the plaintiff.” (Emphasis ours)
Plaintiff-appellant complains of the award herein. We find that the amount awarded is within the broad discretion granted to the trial court in accordance with the jurisprudence and particularly in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
For the above and foregoing reasons, the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.