ARMSTRONG, Judge.
The plaintiffs appeal a judgment in favor of the defendants following a bench trial of this legal malpractice action. We affirm.
Plaintiffs Theresa Houillon and her husband Ronald Houillon brought this action against attorneys Theodore W. Nass and Rhett M. Powers for alleged legal malpractice in the handling of a negligence trial against Jo Ellen Smith Memorial Hospital. Mrs. Houillon had been a patient at Jo Ellen Smith Hospital. She was given a saline enema. Some of the enema began to leak while she was in bed. She informed a nurse of the leak and was told to go to the bathroom to discharge the enema. Some of the enema leaked onto the bathroom floor. Mrs. Houillon slipped on it and hit her head on the wall and was injured. The Houillons sued the hospital for negligence and were represented at the trial of that suit by the defendant attorneys. The trial court in that suit found the hospital negligent and awarded the Houillons damages of almost $28,000.00. The hospital appealed and this court, in an unpublished opinion, held that the hospital was not shown to be negligent and reversed.
The Houillons’ complaint against the defendant attorneys in the present suit is that no expert testimony in the trial of the previous suit was presented to prove negligence by the hospital. The Houillons argue that the lack of expert testimony in the trial of the previous suit was both legal malpractice and the cause of the judgment in the previous suit being reversed on appeal.
In the trial of the present suit, the Houil-lons presented expert testimony of a nurse to the effect that the hospital had been negligent in allowing Mrs. Houillon to go to the bathroom alone instead of using a bedpan or escorting her to the bathroom. The Houillons argue that the defendant attorneys should have obtained and presented similar testimony in the previous suit and that the failure to do so caused the reversal on appeal. However, and somewhat ironically, the Houillons presented no expert testimony in the present suit as to the proper conduct of an attorney in circumstances the same as or similar to those of the previous suit.
At the trial of the legal malpractice action, defendant Powers testified that he spoke with a nurse about possible expert testimony at the trial of the suit against the hospital but concluded that her testimony would not be helpful. In deposition testimony pointed out to us by the Houil-lons, defendant Powers testified that he did not consider expert testimony to be necessary to the Houillons suit against the hospital. Thus, the Houillons attack both defendant Powers’ decision not to inquire with other potential expert witnesses after receiving discouraging information from the first, as well as his professional judgment that expert testimony was not necessary. The basis of defendant Nass’ alleged liability is, apparently, simply his participation in the trial without the benefit of expert testimony. In view of our holding here, we need not address • whether that could be a sufficient basis for liability.
Losing a suit is not, of course, per se legal malpractice. Instead, the law is that:
An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment in every instance. However, the attorney’s license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge, and abilities.
Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239, 244 (1972).
The trial court in the present case held that:
*682 The evidence does not show that standard of conduct that an attorney must comply with in a case such as this. The record is devoid of any testimony that would indicate or demonstrate that the actions of the two lawyer defendants were below the standard of professional conduct. In point of fact, a judge of this court heard the evidence in the previous case and found that the two lawyer defendants herein had proved their case and awarded a judgment accordingly.
Based on the facts of this case, we agree with the trial court’s above quoted holding. In particular, we agree with the trial court’s rejection of the Houillons’ claims in light of the absence of any expert testimony as to the proper conduct of an attorney under the same or similar circumstances as are present in this case.
The Houillons argue that the trial court is familiar with standards of care by attorneys in the local community and, therefore, expert testimony is not necessary in this case. We do not agree. The Supreme Court, in dicta, has indicated that it would find legal malpractice in the absence of expert testimony when an attorney ignores an “obvious” legal problem. See Ramp, 269 So.2d at 244. The First Circuit also has indicated that there may be some cases in which the trial court’s own knowledge of the standards of care by an attorney in the local community may substitute for expert testimony. See Watkins v. Sheppard, 278 So.2d 890, 892 (La.App. 1st Cir.1973) and Muse v. St. Paul Fire and Marine Ins. Co., 328 So.2d 698, 702 (La.App. 1st Cir. 1976) (following Watkins). However, neither Ramp, Watkins, nor Muse supports the proposition that expert testimony is never required in any legal malpractice case. With the complexity and diversity of contemporary law, litigation, and legal practice, it should not be surprising to find legal malpractice cases in which expert testimony as to the standard of care is essential. This is such a case.
The defendant attorneys were successful in the trial court in the hospital negligence action. Thus, a trial judge found their performance sufficient to justify a judgment in their clients’ favor. Further, although this court reversed that judgment, the Louisiana Supreme Court denied Writs by a vote of 4 to 3. See Houillon v. Jo Ellen Smith Memorial Hospital, 378 So.2d 1382 (La.1980). The issue is not whether the defendant attorneys’ decisions as to the use of expert testimony in the hospital negligence action were “right” or “wrong”. “Wrong” decisions in litigation are inevitable. The issue is whether, in making the decisions as to expert testimony, the defendant attorneys exercised the care of prudent practicing attorneys in their locality. Considering the division of judicial opinion in the hospital negligence action, it is certainly not “obvious” that the defendant attorneys were not exercising the care of prudent practicing attorneys in their locality. Thus, the present action is not one in which it would be proper for the trial court to decide the standard of care without expert testimony.[1]
The decision as to whether to go on looking for an expert witness in a particular case, after receiving discouraging information from the first potential witness contacted, if negligent, is inherently a “non-obvious” negligence. The decision as to whether expert testimony was necessary in the hospital negligence case — which had more in common with a prosaic slip and fall case than a complex medical malpractice case — if negligent, was simply “non-obvious” negligence. On this latter point, the Houillons cite a number of cases for the *683 proposition that expert testimony is essential as a matter of law in medical malpractice cases. The Houillons argue, in effect, that the defendant attorneys should have been aware that expert testimony would be absolutely essential as a matter of law in the hospital negligence case. Whatever might be the merit of the proposition that expert testimony is always essential in medical malpractice cases, see generally White v. McCool, 395 So.2d 774 (La.1981), it requires a strained view of the facts to regard the Houillons’ suit against the hospital as one for “medical malpractice”. The Houillons’ suit against the hospital was somewhat analagous to Hunt v. Boga-lusa Community Medical Center, 303 So. 2d 745 (La.1974). In Hunt, a patient fell out of bed and was injured. The Supreme Court found the hospital to have been negligent based on general negligence principles despite the apparent lack of expert testimony in support of that holding. (Apparently, the only expert testimony in Hunt was to the effect that the hospital met the standard of care of hospitals in the community.) See also Bryant v. St. Paul Fire and Marine, Ins. Co., 365 So.2d 537, 540 (La.App. 3rd Cir.1979) (“community standard” need not be shown for hospital negligence). Consequently, there was no rule of law making it clear that expert testimony would be essential to the Houil-lon’s suit against the hospital. The decision called for the exercise of professional judgment and the issue of whether the decision was not in keeping with the standard of care of reasonable prudent practicing attorneys in the area is not an “obvious” one.
Because the trial court was faced with a difficult issue as to whether the defendant attorneys had breached their duty of care to the Houillons, and because the Houillons failed to present expert testimony necessary to enable the trial court to determine the proper standard of care, we affirm the trial court’s judgment dismissing this action.
AFFIRMED.
BARRY, J., concurs with the result.
PLOTKIN, J., concurs with reasons.

. Our discussion focuses on the absence of proof of fault in the defendant attorney's decisions regarding expert testimony in the hospital negligence case. However, there is also a serious issue as to causation. Our opinion reversing the judgment in favor of the Houillons in the hospital action (which is unpublished) does refer to the fact that “[n]o witness, expert or otherwise, was called" to prove the proper standard of care of the hospital to Mrs. Houillon. However, our opinion in the hospital negligence case relies at least equally on the testimony of Mrs. Houillon and other evidence indicating that Mrs. Houillon was not in need of care while going to the bathroom. Consequently, even expert testimony on behalf of the Houil-lons in the hospital negligence action may not have been sufficient to support an affirmance in that case.