TERRI F. LOVE, Judge.
| iThis is a medical malpractice complaint. Plaintiff, Lucien Howard, appeals the summary judgment granted in favor of the defendants, Dr. Delmar Caldwell, Dr. John Ghobrial, and The Administrators of the Tulane Educational Fund, d/b/a Tulane University Health Sciences Center.
The trial court granted summary judgment based on its finding that the plaintiffs expert, Dr. Matthew Goren, was unqualified to render an opinion about the standard of care in the treatment of glaucoma. However, our review of the record revealed that Dr. Goren stated he possessed the requisite qualifications to testify about the standard of care for glaucoma. He also testified that Dr. Caldwell breached the standard of medical care in regards to his treatment of Mr. Howard. We find this testimony created genuine issues of material fact that preclude summary judgment relief. However, he identified no *1220 breach of the standard of care by Dr. Ghobrial. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
| .FACTS AND PROCEDURAL HISTORY
Plaintiff, Lucien Howard, went to the emergency room of the Medical Center of Louisiana at New Orleans (MCLNO) with complaints of right eye irritation, inability to focus, and redness in the eye in November 2000. He returned to the emergency room with similar complaints, at which time Dr. Jared Vincent diagnosed him with a corneal ulcer. Mr. Howard ultimately underwent two corneal transplants, one in December 2000 and another one in August 2001.
Mr. Howard’s eye problems continued. He developed glaucoma with an increased right eye intraocular pressure. He transferred his treatment to Tulane University Hospital Clinic (TUHC) on October 8, 2001. He was treated at TUHC by Dr. Delmar Caldwell and Dr. John Ghobrial, a resident, for intraocular eye pressure and glaucoma between October 8, 2011 and February 25, 2002. On October 8, 2001, Dr. Caldwell performed an Ahmed valve placement in Mr. Howard’s right eye; and on February 5, 2002, Dr. Caldwell performed a laser procedure on Mr. Howard’s right eye to relieve a blockage in the Ahmed valve. Mr. Howard chose not to return to TUHC after February 25, 2002.
In the interim, Mr. Howard initiated a medical review panel proceeding on November 20, 2001, against TUHC, Dr. Caldwell, and Dr. Ghobrial.[1] He alleged that their negligence caused him severe and permanent visual impairment and |,.¡enormous suffering. The medical review panel found that the defendants complied with the standard of care for ophthalmology. Thereafter, Mr. Howard filed suit against TUHC, Dr. Caldwell, and Dr. Gho-brial in the Civil District Court for the Parish of Orleans based on the same allegations in the medical review panel complaint.
TUHC, Dr. Caldwell, and Dr. Ghobrial filed a Motion for Summary Judgment. The trial court granted the motion, finding that the plaintiff lacked favorable expert testimony to support plaintiffs claim that the defendants breached the applicable duty of care. This appeal followed.
STANDARD OF REVIEW
In Descant v. Herrera, this Court outlined the standard of review for an appellate court to review a trial court’s decision to grant summary judgment:
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings & Loan Association of Scotlandville et al., 615 So.2d 318, 325 (La.1993). The Motion for Summary Judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). *1221 The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter, the movant’s burden on the motion requires him only to point out the absence of factual support for one or more elements essential to the adverse party’s claims, action or defense. Davis v. Board of Supervisors of Louisiana State University and Agricultural Mechanical College, 97-0382, p. 7 (La.App. 4 Cir. 3/18/98), 709 So.2d 1030, 1033.
403-0953, pp. 8-9 (La.App. 4 Cir. 12/22/04), 890 So.2d 788, 793. However, if qualifying evidence is submitted in opposition to a motion for summary judgment which creates a dispute as to a genuine issue of material fact, the motion for summary judgment should be denied. Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 19 (La.2/29/00), 755 So.2d 226, 237.
TESTIMONY OF PLAINTIFF’S EXPERT RE: BREACH OF DUTY OF CARE
Mr. Howard’s only assignment of error contends that the trial court erred in granting the defendants’ motion for summary judgment when it was presented with the testimony of his expert, Dr. Matthew Goren.
Dr. Goren criticized the treatment that Mr. Howard received from TUHC between October 2001 and February 2002. He testified that following Dr. Caldwell’s placement of the Ahmed valve in August 2001, Mr. Howard retained dangerously high pressures that were allowed to exist for four months without any surgical intervention. He advised that it was a breach of the standard of care not to do anything more for months to bring the pressures down. He testified that some surgical procedure needed to be performed to reduce the pressure. He added that he would defer to a glaucoma specialist as to the best procedure to reduce the pressure.
The trial court and the defendants considered Dr. Goren’s testimony that he would defer to a glaucoma specialist to select the best procedure to reduce Mr. Howard’s eye pressure as an acknowledgment on his part that he was unqualified to render an opinion about the standard of care in the treatment of glaucoma. We find this is a mischaracterization of Dr. Goren’s testimony.
| /When asked if he would defer to a glaucoma specialist regarding whether there was or was not a breach of the standard of care with regard to the management of Mr. Howard’s pressure between October 9, 2001 and February 2002, he answered, “no, I think I’m qualified to make the opinion that having pressures up in the 40s for months is a breach of the standard of care.” Dr. Goren also identified options for controlling Mr. Howard’s pressure. The options were additional cy-clodestructive surgery, trabeculectomy surgery, and additional valve surgery. Dr. Goren responded that he could testify to a reasonable degree of medical probability that “something would have worked” when questioned as to whether any of these procedure would have controlled Mr. Howard’s pressure between October 9, 2001 and February, 2002. He reiterated throughout his testimony that his deference to the glaucoma specialist/surgeon was only to select the appropriate surgical procedure. Our review of his testimony demonstrated that he consistently testified that the failure to select another surgical procedure for four months after the initial Ahmed valve placement surgery to reduce Mr. Howard’s pressure was below the standard of care.
Pursuant to La. R.S. 9:2794, in order to prevail in a medical malpractice claim, the plaintiff must prove 1) the degree of knowledge or skill possessed or the degree *1222 of care ordinarily exercised by physicians within the involved medical specialty; 2) that the defendant either lacks this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and 3) that as a direct and proximate result of this lack of knowledge or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred. White v. McCool, 395 So.2d 774, 776 (La.1981). The defendants argue that Dr. Goren cannot render an | (¡opinion as to any breach of the standard of care as required by La. R.S. 9:2794 because he lacks expertise in the treatment of glaucoma, the alleged condition involved in the instant complaint. We disagree.
Where the alleged acts of negligence raise issues peculiar to the particular specialty involved, then only those qualified in the specialty may offer evidence of the applicable standard of care. La. R.S. 9:2794(A)(1). However, it is a specialist’s knowledge of the requisite subject matter, rather than the specialty within which the specialist practices, which determines whether a specialist may testify as to the degree of care which should be exercised. A particular specialist’s knowledge of the subject matter on which he is to offer testimony is determined on a case by case basis. McDaniel v. Reed, 00-2529, p. 3 (La.App. 4 Cir. 10/3/01), 798 So.2d 1121, 1123, citing McLean v. Hunter, 495 So.2d 1298 (La.1986).
In McLean v. Hunter, the Louisiana Supreme Court determined that a periodontist was qualified to testify as to the standard of care expected of general dentists. In this matter, Dr. Goren is a board certified ophthalmologist. He previously served as the chairman of the Ophthalmology Department at the Veterans Administration Hospital in Chicago, Illinois through his affiliation with Northwestern University. He has been qualified as an expert in four states, including Louisiana. The defendants never challenged his qualifications as an expert in the field of ophthalmology. Dr. Goren’s testimony, his knowledge of the subject matter, and his eredentialed background as an ophthalmologist, established his qualifications to testify as an expert on the standard of care mandated in the treatment of Mr. Howard’s glaucoma. His testimony raised genuine issues of material fact as to whether Dr. Caldwell’s treatment breached the standard of care. These issues preclude summary judgment relief. Accordingly, the trial court erred 17in granting summary judgment based on its conclusion that Dr. Goren did not qualify to render an opinion about the standard of care in the treatment of glaucoma.
BREACH OF THE STANDARD OF CARE BY DR. GHOBRIAL
The uncontroverted facts show that Dr. Ghobrial was a resident physician, who at all times during the treatment of Mr. Howard at TUHC, wholly deferred to the medical judgment of his supervising physician, Dr. Caldwell. Dr. Goren agreed that there was no breach of the standard of care by Dr. Ghobrial provided that Dr. Caldwell made all the treatment decisions. Mr. Howard did not put on any evidence to contest whether or not Dr. Ghobrial was under the total supervision of Dr. Caldwell and/or whether he had an independent duty as a resident to offer treatment that could have reduced Mr. Howard’s eye pressure. Thus, Dr. Ghobrial is entitled to summary judgment relief.
DECREE
Based on the foregoing, the judgment of the trial court is affirmed in part; re *1223 versed in part; and remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

. Mr. Howard also filed a separate, but related request for a medical review panel against Dr. Jared Vincent, Dr. Linda Vargas, and the MCLNO alleging that they all breached the standard of care with regard to Mr. Howard's treatment between 2000 and 2002. The review panel concluded that these defendants also complied with the standard of care. In the lawsuit subsequently filed, the trial court granted a motion for summary judgment in the defendants' favor. However, the present appeal covers only the complaint against TUHC, Dr. Caldwell, and Dr. Ghobrial.