DENNIS R. BAGNERIS, SR., Judge.
hln this medical malpractice action, the plaintiff, April Battaglia, appeals from a motion for summary judgment granted in favor of the defendant, Kelvin Contreary, M.D. (“Dr. Contreary”). For the following reasons, we affirm.

Facts and Procedural History

In March 2001, plaintiff was under the care of defendant Dr. Contreary with complaints of reflux. Plaintiff alleges that Dr. Contreary diagnosed plaintiff with a hiatal hernia and scheduled her for surgery on March 12, 2001, at Chalmette Medical Center, Inc. Plaintiff asserts that Dr. Contreary performed a laparoscopic Nis-sen fundoplication — an operation using la-paroscopes to enter the abdomen and surgically repair the hiatal hernia, and that Dr. Erin O’Sullivan served as anesthesiologist for the procedure. During the procedure, Dr. Contreary asked Ann Hammond, a certified registered nurse anesthetist (“CRNA”), to place a 54 French Bougie into plaintiffs esophagus to help identify the anatomy and placement of instruments. Plaintiff alleges that the placing of the bougie caused a tear, or perforation, in her esophagus which led to the puncture site becoming infected. As a result of the infection, plaintiff experienced pain and suffering and was 12compelled to undergo a second procedure to drain an abscess which had developed as a result of the perforation.
Plaintiff filed a medical malpractice complaint in March 2002, with the Office of the Commissioner of Administration, naming Dr. Contreary, Dr. O’Sullivan, and Chal-mette Medical Center as defendants. The Medical Review Panel met on October 20, 2004 and concluded that the evidence did not establish a breach of the standard of care. Specifically, the panel found that as to Dr. O’Sullivan and Dr. Contreary: “The surgery was necessary and performed properly. The patient experienced a known complication of surgery, which was promptly recognized and treated appropriately.” Thereafter, plaintiff filed a Petition for Damages in the trial court on January 20, 2005.
Dr. Contreary filed a Motion for Summary Judgment on August 17, 2011, wherein he alleged that his dismissal was warranted because plaintiff had failed to provide a qualified expert witness capable of establishing the necessary elements of a medical malpractice cause of action against him. Plaintiff filed an Opposition to the Motion for Summary Judgment on September 22, 2011, wherein she alleged that there are material issues of fact remaining as to whether Dr. Contreary’s action of requesting a CRNA to place a bougie fell below the standard of care, whether perforating the esophagus amounted to negligence per se, and whether Ms. Hammond was under Dr. Contreary’s immediate and direct supervision and control such that he should be vicariously liable. On September 29, 2011, Dr. Contreary filed a Rebuttal Memorandum in Support of his Motion for Summary Judgment arguing specifically that plaintiff had failed to provide a surgical expert to testify that he breached the standard of care.

13Discussion

Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. In re Bester, 2000-2208, p. 3 (La.App. 4 Cir. 9/18/02), 828 So.2d 644, 646. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure *526 is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the movant. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Longo v. Bell South Telecommunications, Inc., 2003-1887, pp. 4-5 (La.App. 4 Cir. 10/7/04), 885 So.2d 1270, 1273-1274. In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but is to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach onlyRone conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Id.
To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794(A). Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Schultz v. Guoth, 2010-0343, p. 7 (La.1/19/11), 57 So.3d 1002, 1006-1007.
In Pfiffner v. Correa, 94-0924, 94-0992 (La.10/17/94), 643 So.2d 1228, the Supreme Court stated:
The jurisprudence has also recognized that there are situations in which expert testimony is not necessary.. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient’s body, from which a lay person can infer negligence.
[[Image here]]
Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794’s requirements without medical experts....
Id., p. 9, 643 So.2d at 1233-34 (internal citations omitted).
Un support of his motion, Dr. Con-treary attached: (1) a report in letter form from Dr. William Berger, a California anesthesiologist retained by plaintiff;[1] (2) a *527 copy of the medical review panel’s opinion; (3) a portion of Ms. Hammond’s deposition; and (4) a portion of the deposition of Dr. Serbin, Ms. Hammond’s employer. In support of her opposition to the motion for summary judgment, plaintiff attached Dr. O’Sullivan’s affidavit and deposition. Dr. Contreary argues that neither Dr. Berger nor Dr. O’Sullivan is qualified to testify regarding the standard of care for a surgeon performing laproscopic Nissen fundo-plication. He further argues that Dr. O’Sullivan’s attempt to offer her “expert” opinion of who should place a bougie has no merit since Dr. O’Sullivan admitted in her deposition that she was not trained in the placement of bougies and did not believe that procedure was in her realm as an anesthesiologist.
In the instant case, plaintiff contends that Dr. Berger’s opinion that “it is below the standard of care to cause an esophageal perforation” when placing a bougie is admissible to establish the standard of care applicable to Dr. Contreary and his breach of it. Dr. Berger’s affidavit[2] states, in pertinent part:
That according to the medical records, both the anesthesia and the surgery went without any complications; however, on March 14, 2001 at 0530 AM the floor nurse noted the patient complaining of abdominal and throat pain. The throat pain was never noted prior to then. The nurse gave 75 mg. Demerol IM and did not report the new throat pain to the doctors. Ms. Battaglia was discharged later that day at 1220.
That the March 16, 2001 admission confirmed the diagnosis of lower cervical esophageal perforation and mediastini-tis. This required emergency surgery by DnJ_gContrary [sic]. The discharge summary dictated by Dr. Contrary [sic] on May 21, 2001 stated that the esophageal perforation was due to the bougie dilator passed by CRNA Hammond at the first surgery on March 12, 2001;
That it is my professional opinion, it is below the standard of care to cause an esophageal perforation when passing a dilator;
The act of passing the dilator by CRNA Hammond directly let to the me-diastinitis requiring emergency surgery.
Plaintiff also argues that there is a genuine issue of material fact as to whether Dr. Contreary is directly or vicariously liable for Ms. Hammond’s negligence because he ordered her to perform a task outside the realm of anesthesia. To support this argument plaintiff relies solely on Dr. O’Sullivan’s testimony, which states “I don’t think anybody should have placed a Bougie except for Dr. Contreary because it was part of his surgical procedure.”
Reviewing the record de novo, we find that Dr. Contreary’s submission of the unanimous opinion of the medical review panel, which concluded that he did not fail to meet the applicable standard of care, coupled with his pointing out that the plaintiff had failed to supply an expert who would testify that Dr. Contreary had breached the standard of care, was sufficient to shift the burden of proof to the plaintiff. To refute this evidence, the plaintiff had to show that she would be able to establish the essential elements of her claim at trial. La. C.C.P. art. 966 C states, in pertinent part:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the *528 movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence 17of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Louisiana Revised Statute 9:2794(A) provides that in a medical malpractice action, the plaintiff has the burden of proving:
(1)The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
In his affidavit, Dr. Berger is identified as an anesthesiologist licensed in California. Dr. Berger stated that based on his professional opinion, “it is below the standard of care to cause an esophageal perforation when passing a dilator” and that “[t]he act of passing the dilator by CRNA Hammond directly led to the me-diastinitis requiring emergency surgery.” However, nothing in Dr. Berger’s affidavit indicates that he is qualified to address the proper standard of care required of a Louisiana surgeon performing a laproscopic Nissen fundoplication. Dr. Berger does not opine that it was a breach of the standard of care for Dr. Contreary to allow a CRNA to place the bougie. Nor does he opine that Dr. Contreary had a duty to properly supervise the placement of the bougie by the CRNA. Dr. Berger’s testimony fails to establish the applicable standard of care and consequently fails to address whether that standard was breached by Dr. Contreary.
^Further, although plaintiff relies upon Dr. O’Sullivan’s deposition and affidavit to argue that Dr. Contreary breached a standard of care in allowing Ms. Hammond to place the bougie during the procedure, Dr. O’Sullivan is also an anesthesiologist, and she specifically testified that she has never been trained to place a bougie and is not familiar with the procedure.[3] She does not aver any facts that *529 indicate she is qualified to testify as to a surgeon’s direction of or vicarious liability for the actions of a CRNA. Without evidence establishing what the standard of care entails, and what a breach of that standard is, plaintiff is unable to prove essential elements of her case, and therefore has not shown that she will be able to satisfy her burden at trial. La. C.C.P. art. 966 C(2).
Because the record is devoid of any evidence of what the applicable standard of care is of placing a bougie while performing a laparoscopic Nissen fundoplication, and evidence of a breach of that standard of care by Dr. Contreary, we do not find that plaintiff met her burden of opposing the evidence submitted by Dr. Contreary on his motion for summary judgment.
For these reasons, we find that the trial court properly granted summary judgment in favor of Dr. Contreary.
AFFIRMED
BONIN, J., concurs in the result.

. Although the letter/report of plaintiff’s expert Dr. Berger is not the proper form to be considered as evidence on summary judgment, it was submitted by the defendant without objection by the plaintiff. We also note that Dr. Berger’s affidavit containing exactly the same language as his report was already on file, having been submitted by a different defendant on a prior motion for summary *527 judgment that was heard and decided. See La. C.C.P. art. 966 B.

. See footnote 1.

. We do not suggest that an anesthesiologist or other specialist would never be qualified to testily as to the applicable standard of care for a surgeon or other cross-specialist. As this court has noted: "It is well established that where medical disciplines overlap, it is appropriate to allow a specialist in one field to give expert testimony as to the standard of care applicable to areas of the practice of medicine common to both disciplines.” Coleman v. Deno, 99-2998, p. 29 (La.App. 4 Cir. 4/25/01), 787 So.2d 446, 468, aff'd in part, modified in part, and remanded, 2001-1517, 2001-1519, 2001-1521 (La.1/25/02), 813 So.2d 303. It is the specialist's knowledge of the requisite subject matter, rather dian the specialty in which he practices, that determines whether he may testify as to the degree of care that should be exercised, and this knowledge is determined on a case-by-case basis. McLean v. Hunter, 495 So.2d 1298, 1302 (La.1986). In this case, however, neither Dr. O’Sullivan nor Dr. Berger expressed any familiarity with the procedure of placing a bougie nor revealed any facts showing that he was qualified to testify as to the standard of care applicable to the procedure being performed by Dr. Contreary.